IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
<u>DALLAS DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR NO.3:04-CR-240-G |
| | § | |
| HOLY LAND FOUNDATION | § | |
| FOR RELIEF AND DEVELOPMENT, | § | |
|     also known as the "HLF" | § | |
| SHUKRI ABU BAKER, | § | **ECF** |
| MOHAMMED EL-MEZAIN, | § | |
| GHASSAN ELASHI, | § | |
| MUFID ABDULQADER, and | § | |
| ABDULRAHMAN ODEH | § | |

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTIONS</u>

The government respectfully submits the attached Government's Requested Jury

Instructions.

Respectfully submitted,

RICHARD B. ROPER
United States Attorney

  _/s/ James T. Jacks_
JAMES T. JACKS
Assistant United States Attorney
Texas State Bar 10449500
1100 Commerce, Room 300
Dallas, Texas 75242
214.659.8600
214.767.2898 (Fax)
jim.jacks@usdoj.gov

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 1**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Nancy Hollander
Freedman Boyd Daniels Hollander
Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

Joshua L Dratel
Law Office of Joshua L Dratel
2 Wall St, 3rd Floor
New York, NY 10005

John W. Boyd
Freedman Boyd Daniels Hollander
Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

Marlo P Cadeddu
Law Office of Marlo P Cadeddu
3232 McKinney Ave, Suite 700
Dallas, TX 75204

Linda Moreno
Law Office of Linda Moreno
2403 N. Washington Ave., # 320
Dallas, TX. 75204

Greg Westfall
Westfall Platt & Cutrer
Mallick Tower
One Summit Ave, Suite 910
Fort Worth, TX 76102

*/s/ James T. Jacks*
JAMES T. JACKS
Assistant United States Attorney

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 2**

1.04

COURT'S INSTRUCTIONS TO THE JURY AT CONCLUSION OF TRIAL

Members of the Jury:

In any jury trial there are, in effect, two judges, I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

1.05
DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1.06
PRESUMPTION OF INNOCENCE,
BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt.
Indeed, the defendant is presumed by the law to be innocent.  The law does not require a
defendant to prove his innocence or produce any evidence at all [and no inference
whatever may be drawn from the election of a defendant not to testify].  The government
has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to
do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not
necessary that the defendant's guilt be proved beyond all possible doubt.  It is only
required that the government's proof exclude any "reasonable doubt" concerning the
defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after
careful and impartial consideration of all the evidence in the case.  Proof beyond a
reasonable doubt, therefore, is proof of such a convincing character that you would be
willing to rely and act upon it without hesitation in the most important of your own
affairs.  If you are convinced that the accused has been proved guilty beyond a reasonable
doubt, say so.  If you are not convinced, say so.

1.07
EVIDENCE
EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

1.08

EVIDENCE -- INFERENCES _ DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

1.09
CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the

guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of

the evidence.  This does not mean, however, that you must accept all of the evidence as

true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the

weight to be given the witness's testimony.  An important part of your job will be making

judgments about the testimony of the witnesses [including the defendant] who testified in

this case.  You should decide whether you believe what each person had to say, and how

important that testimony was.  In making that decision I suggest that you ask yourself a

few questions:  Did the person impress you as honest?  Did the witness have any

particular reason not to tell the truth?  Did the witness have a personal interest in the

outcome of the case?  Did the witness have any relationship with either the government or

the defense?  Did the witness seem to have a good memory?  Did the witness have the

opportunity and ability to understand the questions clearly and answer them directly?  Did

the witness's testimony differ from the testimony of other witnesses?  These are a few of

the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply

because there were more witnesses on one side than on the other.  Do not reach a

conclusion on a particular point just because there were more witnesses testifying for one

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 8**

side on that point.  Your job is to think about the testimony of each witness you have

heard and decide how much you believe of what each witness had to say.

1.11
IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.  I remind you that a defendant has the right not to testify.  When the defendant does testify, however, his testimony should be weighed and his credibility evaluated in the same way as that of any other witness.

1.14

ACCOMPLICE--INFORMER--IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

1.17

EXPERT WITNESS

During the trial you heard the testimony of _____ who has

expressed opinions concerning _____ . If scientific, technical, or

other specialized knowledge might assist the jury in understanding the evidence or in

determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or

education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however,

that you must accept this opinion. You should judge such testimony like any other

testimony. You may accept it or reject it, and give it as much weight as you think it

deserves, considering the witness's education and experience, the soundness of the reasons

given for the opinion, and all other evidence in the case.

1.19

ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

1.20

CAUTION--CONSIDER ONLY CRIME CHARGED


You are here to decide whether the government has proved beyond a reasonable doubt that defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

1.21

CAUTION--PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

1.23
MULTIPLE DEFENDANTS--MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

## 1.24
### DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 17**

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

1.35
"KNOWINGLY" - TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

2.06

AIDING AND ABETTING (AGENCY)

(18-U.S.C. § 2)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

So, if another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Notice, however, that before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the laws.

1.43

SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

1.44

SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

Conspiracy Generally

Four of the counts in the indictment charge certain of the defendants with conspiracy to commit a crime.  Before I instruct you in detail on the specific elements of each of the crimes charged in the indictment, I want to first instruct you on the law of conspiracy in general.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.  The crime of conspiracy is an independent offense.  It is separate and distinct from the actual violation of any specific laws, which the law refers to as "substantive crimes."

Generally speaking, and unless I tell you otherwise, the government must establish, beyond a reasonable doubt, each of the following elements in order to convict a defendant of one of the conspiracies charged in this indictment:

First:  That the specific conspiracy existed, that is, that there was an agreement between two or more persons to engage in conduct that violates federal criminal law, as alleged in the particular count of the indictment;

Second:  That the defendant in question knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy

One may become a member of a conspiracy without knowing all the details of the

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 24**

unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

<u>Note</u>

The Committee deleted as superfluous the definition of "overt act" contained in the previous Fifth Circuit Criminal Pattern Jury Instructions.  The citation to 18 U.S.C. § 371 should be changed as appropriate.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 25**

Conspiracy to commit a particular substantive offense requires at least the degree of criminal intent necessary to commit the substantive offense itself. *United States v. Bordelon*, 871 F.2d 491 (5th Cir. 1989(, *cert. denied*, __ U.S. __, 110 S. Ct. 121, 107 L.Ed.2d 82 (1989); *United States v. Massey*, 827 F.2d 995, 1001 (5th Cir. 1987). Because "[t]he two states of mind are almost always one, or tend to collapse into one," *United States v. Chaqra*, 807 F.2d 398, 401 (5th Cir. 1986), *cert. denied*, 484 U.S. 832, 108 S. Ct. 106, 98 L.Ed.2d 66 (1987), the proposed instruction will adequately cover the vast majority of cases. The proposed instruction also adequately addresses the requirement of a specific intent to violate the law, required for conviction in all controlled substances conspiracies. *United States v. Burroughs*, 876 F.2d 366 (5th Cir. 1989). If the substantive offense requires "a special state of mind (such as malice aforethought or premeditation)," further instruction on intent would be necessary. *United States v. Thomas*, 768 F.2d 611, 618 n.5 (5th Cir. 1985); *United States v. Harrelson*, 754 F.2d 1153, 1171-74 (5th Cir.), *rehearing denied*, 766 F.2d 186 (5th Cir. 1985), *cert. denied*, 474 U.S. 908, 106 S. Ct. 277, 88 L.Ed.2d 241 (1985).

2.23

CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT

A conspirator is responsible for offenses committed by [an]other conspirator[s] if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count 1 and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, [an]other conspirator[s] committed the offense[s] in Count[s] 2 through 12 in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Count[s] 2 through 12, even though the defendant may not have participated in any of the acts that constitute the offense[s] described in Count[s] 2 through 12.

Note

This instruction charges the jury on the *Pinkerton* principle. *Pinkerton v. United States*, 328 U.S. 640, 647-48, 66 S. Ct. 1180, 1184, 90 L.Ed. 1489 (1946). It is derived from instructions quoted with approval in *United States v. Basey*, 816 F.2d 980, 998-99 n.35-36 (5th Cir. 1987). *See also United States v. Raborn*, 872 F.2d 589 (5th Cir. 1989); *United States v. Acosta*, 763 F.2d 671, 681-682 (5th Cir. 1985) *cert. denied sub nom.*, *Weempe v. United States*, 474 U.S. 863, 106 > Ct. 179, 88 L.Ed.2d 148 (1985).

<u>Count 1: The Nature of the Offense Charged</u>

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))
(18 U.S.C. § 2339B(a)(1))

Each of the defendants is charged in Count 1 with the offense of conspiracy to provide material support and resources to a Designated Foreign Terrorist Organization, to wit; Hamas, in violation of Title 18, United States Code, Section 2339B(a)(1).  In pertinent part, Count 1 reads as follows:

Beginning from on or about October 8, 1997, and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants Holy Land Foundation for Relief and Development (HLF), Shukri Abu Baker, Mohammad El-Mezain, Ghassan Elashi, Haitham Maghawri, Akram Mishal, Mufid Abdulqader and Abdulrahman Odeh, and others known and unknown to the Grand Jury, knowingly conspired to provide material support and resources, as those terms are defined in Title 18, United States Code, Section 2339A(b), to wit, currency and monetary instruments, to HAMAS, a designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B(a)(1).

<u>Count 1: The Statute Defining the Offense Charged</u>

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))
(18 U.S.C. § 2339B(a)(1))

Title 18, United States Code, Section 2339B, provides in relevant part that:

Whoever knowingly provides material support or resources to a foreign terrorist

organization, or attempts or conspires to do so,

is guilty of a crime.

<u>Count 1: Essential Elements of the Offense</u>

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))

In order to find a defendant guilty of the offense, you must find each of the following elements beyond a reasonable doubt:

<u>First</u>, that two or more persons agreed to provide material support or resources to a foreign terrorist organization;

<u>Second</u>, that the defendant knowingly became a member of the conspiracy with the intent to further its purpose;

<u>Third</u>, that the charged conspiracy existed on or after April 24, 1996, the date the statute was enacted, and that the defendant was a member of the conspiracy on or after that date; and

<u>Fourth</u>, that this court has jurisdiction over the offense.

<u>Count 1: Definition of "Material Support or Resources"</u>

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))

The first element you must find is that two or more persons agreed to provide

material support or resources.  For the purpose of this element, "material support or

resource" means any property, tangible or intangible, or service, including the provision of

currency or monetary instruments or financial securities, financial services, lodging,

training, expert advice or assistance, safehouses, false documentation or identification,

communications equipment, facilities, weapons, lethal substances, explosives, personnel,

transportation or other physical assets.

The term "personnel" may include the defendant's own person.  The defendant can

be convicted for a violation of this statute in connection with providing personnel if you

find that he has knowingly provided or conspired to provide a foreign terrorist

organization with one or more individuals, which may include himself, to work under that

terrorists organization's direction or control or to organize, manage, supervise or otherwise

direct the operation of that organization.  Individuals who act entirely independently of the

foreign terrorist organization to advance its goals or objectives shall not be considered to

be working under the foreign terrorists organization's direction and control.

If you should find beyond a reasonable doubt that a defendant provided support or

resources in any of these forms, the government's burden of proof with respect to the first

element has been met.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 31**

(18 U.S.C. §§ 2339A and 2339B, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108-458, 118 Stat. 3638 (Dec. 17, 2004); *United States v. Lindh*, 212 F.Supp.2d 541, 577 (E.D. Va. 2002); *United States v. Goba*, 220 F.Supp.2d 182, 194 (W.D.N.Y. 2002)

<u>Count 1: Definition of "Foreign Terrorist Organization"</u>

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))

You also must find that there was an agreement to provide material support or resources to a foreign terrorist organization. A foreign terrorist organization has a particular meaning under this statute. In order for an organization to qualify as a "foreign terrorist organization," it must have been designated as such by the Secretary of State through a process established by law. I instruct you that Hamas has been so designated by the Secretary of State and was so designated by the Secretary throughout the period covered by the indictment. Consequently, if you find beyond a reasonable doubt that a defendant conspired to provide any of the types of "material support" I have just enumerated to Hamas or furnished it to any person acting on behalf of Hamas sometime between January 25, 1995 until September, 2001, the government's burden with respect to this element has been met.

(64 Fed. Reg. 55, 112; *United States v. Khan*, 309 F.Supp.2d 789, 820 (E.D. Va. 2004)

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 33**

<u>Count 1: Definition of "Knowingly"</u>

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))

You must also find that when the defendant joined the conspiracy to provide

material support or resources to a designated terrorist organization, he did so "knowingly."

In order to convict the defendant, you must conclude that, at the time the defendant

conspired to provided material support or resources in question, he knew that their

ultimate recipient was Hamas.  Further, you must find beyond a reasonable doubt either

that the defendant knew that Hamas was designated by the United States government as a

foreign terrorist organization *or* that he knew that the organization has engaged in or

engages in terrorist activity.  Therefore, if you are able to conclude beyond a reasonable

doubt that the defendant had specific knowledge that the organization to which he

provided support had been designated a foreign terrorist organization by the United States

government or that it engaged or engages in terrorist acts of the type I have previously

enumerated, the government has satisfied its burden of proof as to this requirement.

(*Humanitarian Law Project v. Dep't of Justice*, 353 F.3d 382, 400 (9th Cir. 2003), *vacated
in part on other grounds*, 393 F.3d 902, (9th Cir. 2004).

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 34**

Count 1: Jurisdictional Requirement

(Conspiracy to Provide Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))

Finally, you must find beyond a reasonable doubt that this Court has jurisdiction

over the offense charged in Count One.  This Court has jurisdiction if the defendant is a

national of the United States as defined by the Immigration and Nationality Act.  A United

States citizen is considered a "national" of the United States for purposes of this statute.

(18 U.S.C. § 2339B(d)(1)(A); 8 U.S.C. § 1101(a)(22))

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 35**

Counts 2 through 12: The Nature of the Charged Offense

(Providing Material Support or Resources to
A Designated Foreign Terrorist Organization
18 United States Code § 2339B(a)(1))


Counts 2 through 12 of the Indictment charges the defendants with knowingly

providing and attempting to provide, on the dates and in the amounts specified, material

support and resources, namely currency and monetary instruments to HAMAS, a

designated foreign terrorist organization, by issuing and causing to be issued, wire

transfers from the HLF bank accounts to organizations operating on behalf of or controlled

by HAMAS.  Count Two reads, in relevant part, as follows:

On or about the dates [specified], for each count [specified], in the Dallas Division

of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker,

Mohammad El-Mezain, Ghassan Elashi, Haitham Maghawri, Akram Mishal, Mufid

Abdulqader and Abdulrahman Odeh, aided and abetted by each other and others known

and unknown to the Grand Jury, did knowingly provide and attempt to provide material

support and resources, as those terms are defined in Title 18, United States Code, Section

2339A(b), to wit, currency and monetary instruments, to HAMAS, a designated Foreign

Terrorist Organization, by issuing and causing to be issued wire transfers in the amounts

indicated, from the defendant HLF bank accounts in the Northern District of Texas, to the

following organizations, which operated on behalf of, or under the control of, HAMAS: in

violation of Title 18 United States Code, § 2339B.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 36**

| Count | Date | Amount | Organization |
|-------|------|--------|--------------|
| 2 | 8/18/98 | $11,962 | Ramallah Zakat Committee |
| 3 | 8/21/98 | $24,211 | Islamic Charity Society of Hebron |
| 4 | 12/31/98 | $8,389 | Jenin Zakat Committee |
| 5 | 5/21/99 | $12,115 | Ramallah Zakat Committee |
| 6 | 10/13/99 | $25,000 | Islamic Charity Society of Hebron |
| 7 | 12/10/99 | $10,152 | Jenin Zakat Committee |
| 8 | 12/30/99 | $50,000 | Dar El-Salam Hospital |
| 9 | 4/11/00 | $10,711 | Nablus Zakat Committee |
| 10 | 4/11/00 | $7,417 | Qalqilia Zakat Committee |
| 11 | 11/30/00 | $50,000 | Dar El-Salam Hospital |
| 12 | 1/17/01 | $16,674 | Nablus Zakat Committee |

In violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 37**

<u>Counts 2 through 12: The Statute Defining the Offense Charged</u>

(Providing Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))
(18 U.S.C. § 2339B(a)(1))

Title 18, United States Code, Section 2339B, provides in relevant part that:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts to do so,

is guilty of a crime.

<u>Counts 2 through 12: Essential Elements of the Offense</u>

(Providing Material Support and Resources to a
Designated Foreign Terrorist Organization (Hamas))

In order to find a defendant guilty of the offense, you must find each of the

following elements beyond a reasonable doubt:

<u>First</u>, that the defendant in question provided material support or resources to a
foreign terrorist organization;

<u>Second</u>, that the defendant in question did so knowingly; and

<u>Third</u>, that this court has jurisdiction over the offense.

The instructions that I read to you with regard to Count One also apply to Counts

Two through Twelve.  The only difference is that while Count One charges each defendant

with conspiring or - agreeing with others - to provide material support or resources to

Hamas, Counts Two through Twelve charges each of the defendants with the *actual*

*commission* of the offense.  The definitions I provided with regard to Count One for

"material support or resources," "foreign terrorist organization," the word "knowingly"

and "national of the United States' apply equally to Counts Two through Twelve.

However, Counts One and Counts Two through Twelve are separate charges and must be

considered separately.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 39**

<u>Count 13: The Nature of the Offense Charged</u>

(Conspiracy to Provide Funds, Goods and Services
to a Specially Designated Terrorist)
50 U.S.C. §§ 1701-1706, 31 C.F.R. § 595.201

Each of the defendants is charged in Count 13 with the offense of conspiracy to provide funds, goods and services to a Specially Designated Terrorist in violation of Title 50, United States Code, Sections 1701 through 1706 and Title 31, Code of Federal Regulations Section 595.201.  In pertinent part, Count 13 reads as follows:

Beginning from on or about January 25, 1995, and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, Mohammad El-Mezain, Ghassan Elashi, Haitham Maghawri, Akram Mishal, Mufid Abdulqader and Abdulrahman Odeh, and others known and unknown to the Grand Jury, knowingly and willfully conspired, confederated and agreed to violate Executive Order 12947, by contributing funds, goods and services to, and for the benefit of, a Specially Designated Terrorist, namely HAMAS, in violation of Title 50, United States Code, Sections 1701 through 1706, and Title 31, Code of Federal Regulations, Section 595.201 *et. seq.*

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 40**

<u>Count 13: The Statute Defining the Offense Charged</u>

(Conspiracy to Provide Funds, Goods and Services
to a Specially Designated Terrorist)
50 U.S.C. §§ 1701-1706, 31 C.F.R. § 595.201

On January 23, 1995, pursuant to the authorities vested in the President by the International Emergency Economic Powers Act (IEEPA), President William J. Clinton issued Executive Order 12947 finding "grave acts of violence committed by foreign terrorists that disrupt the Middle East peace process constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and hereby declare a national emergency to deal with that threat."

Executive Order 12947 further specified that "any transaction or dealing by United States persons or within the United States [with] . . . the persons designated in or pursuant to this order is prohibited, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of such persons."  Section 1(b)

Section 1705(b) (IEEPA) of Title 50, United States Code, provides:

"whoever willfully violates any license, order or regulation

issued under this title [is guilty of a crime.]"


50 U.S.C. §§ 1701, 1702, 1705; Executive Order 12497.

Pursuant to Executive Order 12947, the Secretary of the Treasury promulgated regulations to give effect to the President's Executive Order.    Those regulations include

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 41**

the following referenced regulations.

Section 595.204 of Title 31 Code of Federal Regulations provides, "except as otherwise authorized, no U.S. person may deal in property or interests in property of a specially designated terrorist, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of a specially designated terrorist."

Section 595.205 of Title 31 Code of Federal Regulations provides, "any transaction for the purpose of, or which has the effect of, evading or avoiding, or which facilitates the evasion or avoidance of, any of the prohibitions set forth in this part, is hereby prohibited. Any attempt to violate the prohibitions set forth in this part is hereby prohibited. Any conspiracy formed for the purpose of engaging in a transaction prohibited by this part is hereby prohibited."

Section 595.408 of Title 31 Code of Federal Regulations provides, "(a) Unless otherwise specifically authorized by the Office of Foreign Assets Control by or pursuant to this part, no charitable contribution or donation of funds, goods, services, or technology to relieve human suffering, such as food, clothing or medicine, may be made to or for the benefit of a specially designated terrorist. For purposes of this part, a contribution or donation is made to or for the benefit of a specially designated terrorist if made to or in the name of a specially designated terrorist; if made to or in the name of an entity or individual acting for or on behalf of, or owned or controlled by, a specially designated terrorist; or if made in an attempt to violate, to evade or to avoid the bar on the provision of contributions

or donations to specially designated terrorists.  (b) Individuals and organizations who donate or contribute funds, goods, services or technology without knowledge or reason to know that the donation or contribution is destined to or for the benefit of a specially designated terrorist shall not be subject to penalties for such donation or contribution.

Section 595.701(a)(2) provides that whoever willfully violates any license, order, or regulation issued under the Act [is guilty of a crime].

<u>Count 13: Essential Elements of the Offense</u>

(Conspiracy to Provide Funds, Goods and Services
to a Specially Designated Terrorist)
50 U.S.C. §§ 1701-1706, 31 C.F.R. § 595.201

For you to find a defendant guilty of the conspiracy charged in Count 13 of the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

<u>First</u>:  That two or more persons made an agreement to commit the crime of providing funds, goods or services to a Specially Designated Terrorist;

<u>Second</u>:  That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

<u>Third</u>:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act in order to accomplish some object or purpose of the conspiracy.

<u>Specially Designated Terrorist defined.</u>

(a) The term specially designated terrorist means:

(1) Persons listed in the Annex to Executive Order 12947;

(2) Foreign persons designated by the Secretary of State, in coordination with the Secretary of the Treasury and the Attorney General, because they are found:

(i) To have committed, or to pose a significant risk of committing, acts of violence that have the purpose or effect of disrupting the Middle East peace process, or

(ii) To assist in, sponsor, or provide financial, material, or technological support for, or services in support of, such acts of violence; and

(3) Persons determined by the Secretary of the Treasury, in coordination with the Secretary of State and the Attorney General, to be owned or controlled by, or to act for or on behalf of, any other specially designated terrorist.

31 C.F.R. § 595.311

<u>Transfer defined.</u>

The term transfer means any actual or purported act or transaction, whether or not evidenced by writing, and whether or not done or performed within the United States, the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property and, without limitation upon the foregoing, shall include the making, execution, or delivery of any assignment, power, conveyance, check, declaration, deed, deed of trust, power of attorney, power of appointment, bill of sale, mortgage, receipt, agreement,

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 45**

contract, certificate, gift, sale, affidavit, or statement; the making of any payment; the
setting off of any obligation or credit; the appointment of any agent, trustee, or fiduciary;
the creation or transfer of any lien; the issuance, docketing, filing, or levy of or under any
judgment, decree, attachment, injunction, execution, or other judicial or administrative
process or order, or the service of any garnishment; the acquisition of any interest of any
nature whatsoever by reason of a judgment or decree of any foreign country; the
fulfillment of any condition; the exercise of any power of appointment, power of attorney,
or other power; or the acquisition, disposition, transportation, importation, exportation, or
withdrawal of any security.

31 C.F.R. § 595.313

<u>"Person" defined</u>

The term "person" means an individual or entity.

31 C.F.R. § 595.309

<u>"Entity" defined</u>

The term "entity" means a partnership, association, corporation, or other
organization, group, or subgroup.

31 C.F.R. § 595.303

<u>United States defined.</u>

The term United States means the United States, its territories and possessions, and
all areas under the jurisdiction or authority thereof.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 46**

31 C.F.R. § 595.314

<u>United States person/U.S. Person defined.</u>

The term United States person or U.S. person means any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches); or any person in the United States.

31 C.F.R. § 595.315

<u>Counts 14 through 25: The Nature of the Offense Charged</u>

(Providing Funds, Goods and Services
to a Specially Designated Terrorist)
50 U.S.C. §§ 1701-1706, 31 C.F.R. § 595.201

Each of the defendants is charged in Counts 14 through 25 with the offense of providing funds, goods and services to a Specially Designated Terrorist in violation of Title 50, United States Code, Sections 1701 through 1706 and Title 31, Code of Federal Regulations Section 595.201. In pertinent part, Counts 14 through 25 read as follows: On or about the dates listed below, for each count below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, Mohammad El-Mezain, Ghassan Elashi, Haitham Maghawri, Akram Mishal, Mufid Abdulqader and Abdulrahman Odeh, aided and abetted by each other and others known and unknown to the Grand Jury, willfully contributed funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, namely HAMAS, by issuing and causing to be issued wire transfers in the amounts indicated, from the HLF bank accounts in the Northern District of Texas, to the following organizations, which operated on behalf of, or under the control of, HAMAS:

| Count | Date | Amount | Organization |
|---|---|---|---|
| 14 | 10/20/98 | $12,342 | Ramallah Zakat Committee |
| 15 | 12/31/98 | $50,000 | Islamic Charity Society of Hebron |
| 16 | 12/31/98 | $11,138 | Nablus Zakat Committee |

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 48**

| | | | |
|---|---|---|---|
| 17 | 5/21/99 | $4,230 | Halhul Zakat Committee |
| 18 | 6/3/99 | $8,408 | Jenin Zakat Committee |
| 19 | 9/23/99 | $12,308 | Ramallah Zakat Committee |
| 20 | 9/23/99 | $36,066 | Islamic Charity Society of Hebron |
| 21 | 12/13/99 | $8,049 | Tolkarem Zakat Committee |
| 22 | 12/14/99 | $12,570 | Nablus Zakat Committee |
| 23 | 4/27/00 | $20,500 | Dar El Salam Hospital |
| 24 | 1/17/01 | $10,494 | Qalqilia Zakat Committee |
| 25 | 6/11/01 | $6,225 | Qalqilia Zakat Committee |

In violation of Title 50, United States Code, Sections 1701 through 1706; Title 31, Code of Federal Regulations, Section 595.201 et. seq.; and Title 18, United States Code, Section 2.

<u>Counts 14 through 25: The Statute Defining the Offense Charged</u>

(Providing Funds, Goods and Services
to a Specially Designated Terrorist)
50 U.S.C. §§ 1701-1706, 31 C.F.R. § 595.201

The instructions that I read to you with regard to Count 13 also apply to Counts 14

through 25.  The only difference is that while Count 13 charges each defendant with

conspiring or - agreeing with others - to provide funds, goods and services to a Specially

Designated Terrorist, namely, Hamas, Counts 14 through 25 charges each of the

defendants with the *actual commission* of the offense.

The instructions I provided with regard to Count 13 for Executive Order 12947,

Section 1705(b) International Emergency Economic Powers Act (IEEPA) of Title 50,

United States Code, Sections 595.201(b), 595.204, 595.205 and Section 597.701(a)(2) of

Title 31, Code of Federal Regulations (CFR), apply equally to Counts 14 through 25.

The definitions I provided with regard to Count 13 for "Specially Designated

Terrorist", "transfer", "United States" and "United States person/U.S. person" apply

equally to Counts 14 through 25.  However, Counts 13 and Counts 14 through 25 are

separate charges and must be considered separately.

<u>Counts 14 through 25: The Essential Elements of the Offense Charged</u>

(Providing Funds, Goods and Services
to a Specially Designated Terrorist)
50 U.S.C. §§ 1701-1706, 31 C.F.R. § 595.201

To establish a violation of these laws, the United States must prove beyond a reasonable doubt each of the following elements as to each defendant:

<u>First</u>:          That the defendant himself or, by aiding and abetting another

defendant or by being aided or abetted by another defendant,

contributed funds, goods, or services to, or for the benefit of a

Specially Designated Terrorist;

<u>Second</u>:      that such funds, goods or services was in the United States, or

thereafter came within the United States, or thereafter came within

the possession or control of United States persons;

<u>Third</u>:          That the defendant did so knowingly and willfully.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 51**

<u>Count 26: The Nature of the Offense Charged</u>

(Conspiracy to Commit Money Laundering)
18 U.S.C. § 1956(h)

Each of the defendants is charged in Count 26 with the offense of conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). In pertinent part, Count 26 reads as follows:

Beginning from on or about January 25, 1995, and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, Mohammad El-Mezain, Ghassan Elashi, Haitham Maghawri, Akram Mishal, Mufid Abdulqader and Abdulrahman Odeh and others known and unknown to the Grand Jury, in offenses involving interstate and foreign commerce, transmitted and transferred, and attempted to transmit and transfer, funds from a place within the United States, namely the Northern District of Texas, to places outside the United States, including the West Bank and Gaza, and elsewhere, with the intent to promote the carrying on of a specified unlawful activity, to wit, by contributing funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, namely HAMAS, in violation of Title 50, United States Code, Sections 1701 through 1706 (IEEPA), and punishable under Section 206 of IEEPA (also known as Title 50, United States Code, Section 1705(b)).

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 52**

<u>Count 26: The Statute Defining the Offense Charged</u>

(Conspiracy to Commit Money Laundering)
18 U.S.C. § 1956(h)

Title 18, United States Code, Section 1956(h), provides in relevant part that:

Any person who conspires to commit the crime of money laundering as defined in

§ 1956(a)(2)(A)

is guilty of a crime.

Title 18 United States Code, § 1956(a)(2)(A) provides in relevant part:

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or

transfer a monetary instrument or funds from a place in the United States to or through a

place outside the United States or to a place in the United States from or through a place

outside the United States

(A) with the intent to promote the carrying on of specified unlawful activity

is guilty of a crime.

<u>Count 26: Essential Elements of the Offense Charged</u>

(Conspiracy to Commit Money Laundering)
18 U.S.C. § 1956(h)

In order to find a defendant guilty of the offense, you must find each of the following elements beyond a reasonable doubt:

<u>First</u>, That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956, as charged in the indictment; and

<u>Second</u>, That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Counts 27 through 38: The Nature of the Offense Charged

Money Laundering
18 U.S.C. § 1956(a)(2)(A)

Each of the defendants is charged in Counts 27 through 38 with the offense of money laundering in violation of Title 18, United States Code, Section 1956(a)(2)(A). In pertinent part, Counts 27 through 38, in relevant parts, read as follows:

On or about each of the dates set forth [in the indictment], for each count [in the indictment], in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, Mohammad El-Mezain, Ghassan Elashi, Haitham Maghawri, Akram Mishal, Mufid Abdulqader and Abdulrahman Odeh, aided and abetted by each other and others known and unknown to the Grand Jury, in offenses involving interstate and foreign commerce, transmitted and transferred, and attempted to transmit and transfer, funds in the amounts indicated [in the indictment], from a place within the United States, namely the Northern District of Texas, to places outside the United States, including the West Bank and Gaza, and elsewhere, with the intent to promote the carrying on of a specified unlawful activity, to wit, by willfully contributing funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, namely HAMAS, in violation of Title 50, United States Code, Sections 1701 through 1706 (IEEPA), and punishable under Section 206 of IEEPA (also known as Title 50, United States Code, Section 1705(b)):

in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (2).

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 55**

<u>Counts 27 through 38: The Statute Defining the Offense Charged</u>
Money Laundering
18 U.S.C. § 1956(a)(2)(A)

Title 18 United States Code, § 1956(a)(2)(A) provides in relevant part:

      Whoever transports, transmits, or transfers, or attempts to transport, transmit, or

transfer a monetary instrument or funds from a place in the United States to or through a

place outside the United States or to a place in the United States from or through a place

outside the United States

      (A) with the intent to promote the carrying on of specified unlawful activity

is guilty of a crime.

<u>Counts 27 through 38: The Essential Elements of the Offense Charged</u>

Money Laundering
18 U.S.C. § 1956(a)(2)(A)

In order to find a defendant guilty of the offense, you must find each of the following elements beyond a reasonable doubt:

<u>First</u>,  That the Defendant knowingly transported transmitted, transferred a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States or attempted to do so; and

<u>Second</u>,  That the Defendant engaged in the attempted transportation, transmission or transfer with the intent to promote the carrying on of "specified unlawful activity."

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 57**

<u>Counts 26 and 27 through 38: Definitions</u>

The term "transports, transmits, or transfers" includes all means of carrying, sending, mailing, shipping or moving funds. Thus, it includes the electronic transfer of funds by wire or computer or other means including any physical means of transporting or transferring funds.  It makes no difference whether the monetary instrument or funds attempted to be transported, transmitted, or transferred is derived from criminal activity or not. It could be legitimately earned income.

The term "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in such form that title passes upon delivery.

The term "specified unlawful activity" means violations of the International Emergency Economic Powers Act (IEEPA) including willfully contributing funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, such as HAMAS

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct the financial transaction for the purpose of facilitating or making easier or helping to bring about the "specified unlawful activity" as just defined.

To "attempt" an act simply means to intentionally take some substantial step toward the accomplishment of the act so that, except for interruption or frustration, the act would have occurred.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 58**

<u>Count 39: The Nature of the Offense Charged</u>

Conspiracy to impede and impair the Internal Revenue Service and
to File False Return of Organization Exempt from Income Tax,

18 U.S.C. § 371

The defendants Shukri Abu Baker and Ghassan Elashi are charged in Count 39 with the offense of conspiracy to impede and impair the Internal Revenue Service and to File False Return of Organization Exempt from Income Tax, in violation of Title 18 U.S.C. § 371

In pertinent part, Counts 39 reads as follows:

In or around and between January 1990 and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants Shukri Abu Baker and Ghassan Elashi, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree together with themselves and others

    a.  to defraud the United States  of America and the Internal Revenue Service ("IRS"), an agency thereof, by impeding, impairing, defeating and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment and collection of corporate income taxes, in violation of Title 18, United States Code, Section 371; and

    b.  to willfully make and subscribe, and aid and assist in the preparation and presentation of, United States Returns of Organization Exempt from Income Tax,

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 59**

Form 990, which were verified by written declarations that they were made under

the penalties of perjury and were filed with the IRS, which returns they did not

believe to be true and correct as to every material matter in that the returns

reported payments to Program Services when in fact the payments were going to

HAMAS, in violation of Title 26, United States Code, Section 7206(1).

Count 39: The Statute Defining the Offense Charged

Conspiracy to impede and impair the Internal Revenue Service and
to File False Return of Organization Exempt from Income Tax,

18 U.S.C. § 371

Title 18, United States Code, § 371 provides in pertinent part:

If two or more persons conspire either to commit any offense against the United

States, or to defraud the United States, or any agency thereof in any manner or for any

purpose, and one or more of such persons do any act to effect the object of the conspiracy,

each shall be . . .

guilty of a crime.

<u>Count 39: The Essential Elements of the Offense Charged</u>

Conspiracy to impede and impair the Internal Revenue Service and
to File False Return of Organization Exempt from Income Tax,

18 U.S.C. § 371

To establish a violation of 18 U.S.C. § 371, the following elements must be proved

beyond a reasonable doubt:

First:  The existence of an agreement by two or more persons to defraud the United

States  of America and the Internal Revenue Service ("IRS"), an agency thereof,

by impeding, impairing, defeating and obstructing the lawful governmental

functions of the IRS in the ascertainment, evaluation, assessment and collection of

corporate income taxes;

Second: The defendant's knowing and voluntary participation in the conspiracy;

and

Third:  The commission of an overt act in furtherance of the conspiracy.

Counts 40 through 42: The Nature of the Offense Charged

Filing a False Tax Return

26 U.S.C. § 7206(1)

The defendant Shukri Abu Baker is charged in Count 40 and the defendant Ghassan Elashi is charged in Counts 41 and 42 with the offense of filing a false tax return in violation of Title 26, United States Code, Section 7206(1).  In pertinent part, Counts 40 through 42, in relevant parts, read as follows:

On or about the dates specified below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants as listed below, did knowingly and willfully make and subscribe United States Returns of Organizations Exempt from Income Tax, Form 990, for the HLF, for the years listed below, which were verified by written declarations that they were made under the penalties of perjury and were filed with the Internal Revenue Service, which informational tax returns each defendant did not believe to be true and correct as to every material matter in that the returns reported payments to Program Services on Line 13 of said returns, whereas each defendant then and there well knew and believed the payments were not used for program services as required by their 501(c)(3) status:

| Count | Year | Date filed | Defendant |
|-------|------|------------|-----------|
| 40 | 1998 | 3/11/99 | Shukri Abu Baker |
| 41 | 1999 | 5/8/00 | Ghassan Elashi |
| 42 | 2000 | 8/7/01 | Ghassan Elashi |

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 63**

Counts 40 through 42: The Statute Defining the Offense Charged

Filing a False Tax Return
26 U.S.C. § 7206(1)

Title 26 United States Code, § 7206(1) provides in relevant part:

Any person who willfully makes and subscribes any return, statement, or other

document, which contains or is verified by a written declaration that it is made under the

penalties of perjury, and which he does not believe to be true and correct as to every

material matter . . .

is guilty of a crime.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 64**

<u>Counts 40 through 42: The Essential Elements of the Offense Charged</u>

Filing a False Tax Return
26 U.S.C. § 7206(1)

In order to find a defendant guilty of the offense, you must find each of the following elements beyond a reasonable doubt:

<u>First</u>:  That the defendant signed an income tax return that contained a written declaration that it was made under penalties of perjury;

<u>Second</u>:  That in this return the defendant falsely stated that the payments shown were going to Program Services when in the fact the payments were going to Hamas;

<u>Third</u>:  That the defendant knew the statement was false;

<u>Fourth</u>:  That the false statement was material; and

<u>Fifth</u>:  That the defendant made the statement willfully, that is, with intent to violate a known legal duty.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income or expenditures by a taxpayer.

To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

O'Malley, Grenig, and Lee, *Federal Jury Practice And Instructions* (5th ed. 2005), Section 16.11

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 65**

<u>Proof of Tax Deficiency Not Required</u>

You are instructed that in proving that the defendant violated Section 7206(1), the government does not have to prove that there was a tax due and owing for the year(s) in issue. Whether the government has or has not suffered a pecuniary or monetary loss as a result of the alleged return is not an element of Section 7206(1).

Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, (4th Ed. 1990), Section 56.19

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 66**

<u>Subscribed -- Defined</u>

The word "subscribe" simply means the signing of one's name to a document.

<u>Proof of Signing of Return</u>

"The fact that an individual's name is signed to a return shall be prima facie evidence for all purposes that the return was actually signed by him," which is to say that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.

26 U.S.C. § 6064

<u>Corporate Defendant/Agency</u>

One of the defendants in this case, Holy Land Foundation for Relief and Development, also known as HLF is a private corporation which is the same as or equivalent to a closely held corporation.  The Holy Land Foundation for Relief and Development has been charged along with certain of the other defendants in Counts 1 through 38.  A corporation, or its equivalent, is a legal entity, and may be found guilty of a criminal offense just like a natural person.

Of course, a private company or a corporation can only act through its agents; that is, its directors, officers, and employees or other persons authorized to act for it.  A corporation or its equivalent is legally responsible for those acts or omissions of its agents made or performed in the course of their employment.

Thus, before you may find the HLF guilty, you must find that the government has proven beyond a reasonable doubt that all of the elements of the offense, as I will explain them to you, have been met with respect to the HLF in the form of acts or omissions of its agents which were performed within the scope of their employment.

To be "acting within the scope of one's employment" may be shown in several ways.  First, if the act or omission was specifically authorized by the corporation, it would be within the scope of the agent's employment.

Second, even if the act or omission was not specifically authorized, it may still be within the scope of an agent's employment if both of the following have been proven:  that

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 68**

the agent intended that his act would produce some benefit to the corporation, and that the agent was acting within his authority.  An act is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform.

If you find that the agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to his employer's instructions, or against the corporation's policies will not relieve the corporation of responsibility for it.  However, you may consider the fact that the agent disobeyed instructions or violated company policy in determining whether the agent intended to benefit the corporation, or was acting within this authority.

Finally, if you find that the agent was not acting within the scope of his authority at the time, you should then consider whether the corporation later approved the act.  An act is approved after it is performed when another agent of the corporation having full knowledge of the act, and acting within the scope of his employment as I have just explained it to you, approves the act by his or her words or conduct.  A corporation is responsible for any act or omission approved by its agents in this manner.

<u>Note</u>

1 L.B. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions:  Criminal</u>, Instruction 2-7 (1993). McFadyean, Colin, The American Close Corporation and Its British Equivalent, 14 Bus. Law 215 (1958). Black's Law Dictionary, Fifth Edition (1979) p. 836.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 69**

Consciousness of Guilt

Conduct of the defendant, including statements knowingly made and acts knowingly done upon being confronted with evidence of a possible crime, may be considered by you in the light of all other evidence in the case in determining guilt or innocence.

When the defendant voluntarily and intentionally offers an explanation to others in or out of court, or makes some statement tending to show his innocence -- and this explanation or statement is later shown to be false in whole or in part, the jury may consider whether this evidence points to what we call a "consciousness or guilt." Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to the defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.


Note

Devitt and Blackmar, *Federal Jury Practice and Instructions*, § 15.12 (3d ed. 1977); *United States v. Sutherland*, 428 F.2d 1152, 1157 (5th Cir. 1970), *app. after remand*, 463 F.2d 641, *cert. denied*, 409 U.S. 1078 (1973).


**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 70**

Similar Acts Evidence
(Rule 404(b), FRE)

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendants which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant in question committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes. If you find beyond a reasonable doubt from other evidence in this case that the Defendants did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment or whether the Defendant acted according to a plan or in preparation for commission of a crime or whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake.

ANNOTATIONS AND COMMENTS

Rule 404. [FRE] Character Evidence Not Admissible To Prove
Conduct; Exceptions; Other Crimes

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it
intends to introduce at trial.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. See note 15 at pages 911-912. *Beechum* also approves a limiting instruction similar to this one. See note 23 at pages 917-918.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the *Beechum* test. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS (U.S. v. HLF, et al) - page 72**