IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
<u>DALLAS DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR NO. 3:04-CR-240-G |
| | § | |
| HOLY LAND FOUNDATION | § | |
| FOR RELIEF AND DEVELOPMENT, | § | |
|    also known as the "HLF" (01) | § | |
| SHUKRI ABU BAKER,　(02) | § | **ECF** |
| MOHAMMED EL-MEZAIN, (03) | § | |
| GHASSAN ELASHI, (04) | § | |
| HAITHAM MAGHAWRI,　(05) | § | |
| AKRAM MISHAL,　(06) | § | |
| MUFID ABDULQADER,　(07) and | § | |
| ABDULRAHMAN ODEH　(08) | § | |

## <u>GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF</u>

The Government hereby submits this supplemental trial brief to make the Court aware of the evidentiary basis for the government's admission of the "6 series" of exhibits, the objections that the defense will likely interpose, and the governing law.

### I.  Authentication

The "6 series" of exhibits consists primarily of documents and items seized by the Government of Israel in the course of several military operations, including one entitled "Operation Defensive Shield."  The government will present a witness from the Israeli Defense Forces (IDF) to authenticate the documents.  The witness is the commanding officer of the unit that retrieved the documents, and he is anticipated to testify that

soldiers operating under his command went into particular locations; placed the records from each location into boxes marked with the location; and transported the boxes to a warehouse under his supervision.  The testimony of the IDF witness, in addition to the distinctive characteristics of the documents themselves, is sufficient to authenticate them. *United States v. Dumeisi*, 424 F.3d 566, 574-76 (7th Cir. 2005); *United States v. Elkins*, 885 F.2d 775, 785-86 (11th Cir. 1989); *United States v. Arce*, 997 F. 2d 1123, 1128 (5th Cir. 1993)("The government may authenticate a document with circumstantial evidence...including the document's own distinctive characteristics and the circumstances surrounding its discovery.").

The government anticipates that the defense will object to the authenticity of the documents.  The government's burden, however, is satisfied with evidence sufficient to show that, more likely than not, the "matter in question is what its proponent claims." Fed. R. Evid. 901(a); *United States v. Wake*, 948 F.2d 1422, 1434-35 (5th Cir. 1991) (circumstantial evidence alone sufficient to support authentication) (citing cases); *see also Baulch v. Johns*, 70 F.3d 813, 816 (5th Cir. 1995).  Once a preliminary showing of authenticity is made, it is "for the jury to determine what weight it would give the evidence."  *Id*. at 1435, citing *U.S. v. Whittington*, 783 F.2d 1210, 1215 (5th Cir. 1986). The law is clear, moreover, that objections based upon an imperfect chain of custody go to weight, not admissibility.  *United States v. Lopez*, 758 F.2d 1517, 1521 (11th Cir 1985). "Once the proponent of the evidence makes a threshold showing that reasonable

precautions were taken against alteration of the evidence, the question of whether the evidence was altered is left for the jury to decide." *United States v. Block*, 148 Fed.Appx. 904, 910-911 (11th Cir. 2005), citing *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981); *See also United States v. Smith*, 308 F.3d 726, 738-39 (7th Cir 2002)(absent evidence of tampering a presumption of regularity attaches and any gaps in chain of custody go to weight).

## II. Hearsay

Defendants will likely interpose a hearsay objection to some or all of the documents in the "6 series." *See* Defendants' Joint Opposition to Government's Notice of Intent to Introduce Evidence Pursuant to Fed. Rule of Evid. 807 (ecf #678). The majority of the documents, however, are not being offered for their truth, and many do not even constitute a "statement" in order to qualify as hearsay. *See* Fed. R. Evid. 801(a). Rather, these items are being offered to demonstrate that they were at the zakat committees from where they were taken. These exhibits consist of posters of Hamas suicide bombers, postcards of Hamas leaders, keychains with Hamas martyrs, videos of school and camp ceremonies celebrating martyrs, Hamas pamphlets and leaflets, and other incitement material unlikely to be found in the offices of a neutral committee. For those items constituting a "statement," they are not hearsay because they are not being offered for the truth of their content, but instead, by virtue of the fact they were located at the zakat committees at issue, to support the government's allegation that the particular

**GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF - Page 3**

committees are part of Hamas, and are not independent or non-political charitable organizations.

The second category of documents in the "6 series" are documents seized from the offices of the Palestinian Authority (PA), including official reports, memoranda and other documents of the PA.  They include memoranda identifying the financial sources of Hamas, including the HLF; intelligence documents identifying Hamas committees and discussing how Hamas uses schools and charitable activity to recruit Palestinian youth; lists of Hamas institutions closed by the PA, including zakat committees supported by the defendants; and other similar documents.

The documents seized from PA are being offered for the truth of their content and are hearsay.  The government will seek admission of these items into evidence under Fed. R. Evid. 807.   Rule 807 states[1]:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (c) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the

---

[1] Rule 807 was formerly codified as Rule 803(24) and 804(b)(5).  The same requirements for admitting evidence apply to Rule 807 as previously applied to Rule 803(24) and 804(b)(5).  *United States v. Ochoa*, 229 F. 3d 631, 638 (7th Cir. 2000).

**GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF - Page 4**

declarant.

In order for evidence to be admitted pursuant to Rule 803(24) - now Rule 807, five

conditions must be met.  These are:

> (1) The proponent of the evidence must give the adverse party the notice specified in the rule.

> (2) The statement must have circumstantial guarantees of trustworthiness equivalent to the 23 specified exceptions listed in Rule 803.

> (3) The statement must be offered as evidence of a material fact.

> (4) The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts.

> (5) The general purpose of the Federal Rules and the interests of justice must best be served by admission of the statement into evidence.

*United States v. Mathis*, 559 F.2d 294, 298 (5th Cir. 1977).

"To satisfy the dictates of the Confrontation Clause, the evidence must be

sufficiently reliable, that is, it must be supported by a showing of particularized

guarantees of trustworthiness.  These particularized guarantees of trustworthiness must be

drawn from the totality of the circumstances surrounding the making of the statement, but

they cannot stem from other corroborating evidence."  *United States v. Ismoila*, 100 F.3d

380, 393 (5th Cir. 1997) (citations omitted).   "The lodestar of the residual hearsay

exception analysis is whether there exist equivalent circumstantial guarantees of

trustworthiness."  *United States v. Walker*, 410 F. 3d 754, 758 (5th Cir. 2005).

On April 9, 2007, the government provided the defendants with Notice Of Intent

To Introduce Evidence Pursuant To Rule 807 Of The Federal Rules Of Evidence.  The notice identified two categories of documents that the government may seek to admit under this rule - foreign bank records from the Bank of Palestine and documents seized by the Government of Israel during military operations.  Contrary to the defendants' assertions in their response to that notice, the government's notice satisfies the Rule's notice requirements.  While defendants rely on a single case from the Southern District of Iowa for the proposition that a Rule 807 notice must provide the declarant's name and address, "[t]he Fifth Circuit has upheld that admission of evidence under the residual hearsay exception despite the impossibility of the offering party's providing the name and address of the hearsay declarant." *United States v. Hicks*, 466 F. Supp. 2d 799, 810 (E.D. Tex. 2005), citing *Universal Elec. Co. v. United States Fid. & Guar. Co.,* 792 F.2d 1310, 1314-15 (5th Cir.1986); *Dartez v. Fibreboard Corp.,* 765 F.2d 456, 460-63 (5th Cir.1985).

The PA documents meet the criteria for admission under Rule 807.  The documents are trustworthy because it was in the interest of Yassir Arafat and Fatah, who operated the PA at the time documents were created, to accurately report the movements and activities of an organization that was trying to undermine their authority.  *United States v. Phillips*, 219 F.3d 404, 419 (5th Cir. 2000) ("In order to find a statement trustworthy, a court must find that the declarant of the statement was particularly likely to be telling the truth when the statement was made.").  As the evidence to date has shown, in particular the testimony of Dr. Levitt, Hamas' agenda was not only to eliminate Israel,

but also to sabotage the Oslo Accords and to replace the secular PA regime with an Islamist government that would control all of Israel, the West Bank and Gaza. The PA, therefore, had a particularly strong incentive to collect accurate information. Moreover, the documents were written contemporaneously with the events at issue. Clearly, the PA was not anticipating that these documents would be used years later in a criminal prosecution in the United States. *See United States v. Hicks*, 466 F. Supp. 2d at 808, *citing Dallas County v. Commercial Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir.1961) (trustworthiness can be inferred from fact that documents were created long before any motive to fabricate arose). Finally, the documents corroborate each other, thus lending additional trustworthiness to their contents.[2]

The materiality and importance of the records is self-evident. It will not be sufficient for the government to prove the defendants' own affiliation with Hamas; the government must also prove that they provided support to Hamas. This is a complex task, as the committees that received the HLF's money were located outside the United States, and in a part of the world that is inhospitable to the United States Government. To meet the government's burden, the government will present the testimony of experts who will testify that the identified zakat committees are part of the Hamas infrastructure. In addition, however, the seized PA documents will demonstrate that the governing

---

[2] The defendants also complained in their opposition to the government's Rule 807 notice that the PA documents attached that notice were copies, and some were illegible. The government has since provided legible copies to the defense. Moreover, the government is only seeking to introduce those exhibits for which it obtained originals.

GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF - Page 7

Palestinian body at the time also understood that the zakat committees at issue were affiliated with Hamas.

These documents are also particularly well suited to admission pursuant to Rule 807 because, ordinarily, they could be certified as government records.  In this case, however, because the United States Government does not have any diplomatic relationship with the Palestinian Authority, and because the current party in charge of the Palestinian Authority is the very terrorist organization that the defendants are accused of supporting, the prosecution cannot obtain these records from another source, and cannot obtain any certification that would normally accompany these types of documents if obtained via a formal request.  Nor does the government have any way to secure a witness from the PA who can identify the documents and discuss the contents with first hand knowledge.  These documents, therefore, fall squarely within the intent and spirit of Rule 807, and it is in the interest of justice that they be admitted into evidence.

Date:  August 7, 2007.

**GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF - Page 8**

Respectfully submitted,

RICHARD B. ROPER
United States Attorney

By: __/s/ James T. Jacks_____
JAMES T. JACKS
Assistant United States Attorney
1100 Commerce St., Third Floor
Dallas, Texas 75242
214.659.8600
214.767.2846 (facsimile)
Texas State Bar No. 10449500
jim.jacks@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Linda Moreno
2403 N. Washington Ave., 320
Dallas, TX. 75204

John D. Cline
Jones Day
555 California St., 26th Floor
San Francisco, CA. 94104-1500

Nancy Hollander
Freedman Boyd Daniels Hollander
Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

John W. Boyd
Theresa Duncan
Freedman Boyd Daniels Hollander
Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

Joshua L Dratel
Aaron J. Mysliwiec
Law Office of Joshua L Dratel
2 Wall St, 3rd Floor
New York, NY 10005

Marlo P Cadeddu
Law Office of Marlo P Cadeddu
3232 McKinney Ave,  Suite 700
Dallas, TX 75204

Greg Westfall
Westfall Platt & Cutrer
Mallick Tower
One Summit Ave,  Suite 910
Fort Worth, TX 76102

*/s/ James T. Jacks*
JAMES T. JACKS
Assistant United States Attorney

**GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF - Page 10**