IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:04-CR-240-P |
| | § | |
| HOLY LAND FOUNDATION FOR | § | |
| RELIEF AND DEVELOPMENT (1) | § | |
|     also known as the "HLF" | § | |
| SHUKRI ABU BAKER (2) | § | ECF |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| HAITHAM MAGHAWRI (5) | § | |
| AKRAM MISHAL (6) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |

**GOVERNMENT'S OPPOSITION TO MUFID ABDULQADER'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

For the reasons set forth below, the United States hereby opposes defendant Abdulqader's motion to dismiss the superseding indictment.

**INTRODUCTION**

Defendant Abdulqader's motion to dismiss fails for multiple reasons, primary of which is that it rests on a faulty factual predicate. Abdulqader was not a target or subject of the criminal investigation at the time he was interviewed in Mr. Prospere's office. Thus, even if agents had represented as much to Mr. Prospere, it would have been the truth – not the deliberate deception at issue in *United States v. Tweel*, 550 F.2d 297 (5th

Cir. 1997) and its progeny.

As Agent Burns testified during the Kastigar hearing, the FBI believed that Abdulqader was a knowing participant in the conspiracy at issue and for that reason viewed him as a possible witness – not as a target or subject of the criminal case. It was only after Abdulqader lied that he lost any value as a witness and was added to the criminal case. As Judge Fish immediately recognized when counsel for Abdulqader made this same argument following the Kastigar hearing, believing someone is culpable is not the same as being a target. Because there was no trickery, deceit, deception or any other sort of misconduct during the April 2002 interview of Abdulqader – and Abdulqader has established none – his motion should be denied in its entirety.

## ARGUMENT

**DEFENDANT ABDULQADER HAS NOT ESTABLISHED THAT AGENTS ENGAGED IN ANY FRAUD, OR MADE ANY AFFIRMATIVE MISREPRESENTATION**

The burden to show that an agent obtained evidence through "fraud, trickery and deceit" is on the moving party. *United States v. Powell*, 835 F.2d 1095, 1098 (5th Cir. 1988). To carry that burden, the movant must establish by "clear and convincing evidence" some "affirmative misrepresentation to establish the existence of fraud." *Tweel*, 550 F.2d at 299; *Powell*, 835 F.2d at 1098. Cases decided in this circuit "teach that the suppression burden is indeed a heavy one." *Id.* at 1099.

In this case, ABDULQADER has not come close to establishing by clear and

convincing evidence that agents affirmatively misrepresented to his attorney his status (or lack thereof) in the criminal investigation.  As an initial matter, there is no clear evidence as to what, if anything, was said to Mr. Prospere regarding Abdulqader's status in the case.  Indeed, Mr. Prospere's testimony at the Kastigar hearing was not based on any specific recollection, but was instead confined to his general practice and his assumption that, in this case, he would have acted in conformity with that general practice.  *See*, *e.g.*, Transcript, July 14, 2007 at 55 (Q: What is the first -- in every single case -- Do you have an independent recollection of what you did in this case?" "A: I don't necessarily remember what order it would have occurred in.  I would have interviewed the client, gotten the agent's name, called the agent and inquired as to the reason for or subject matter of the interview and then would have scheduled the interview.").  Mr. Prospere merely assumed that he was told that Mr. Abdulqader was not a subject or target, because "[o]therwise, we would not have scheduled the interview." *Id*.  Testimony of an attorney's general practice, however, cannot establish by "clear and convincing evidence" that agents in this case affirmatively misrepresented Abdulqader's status in this case.

Even if agents had told Mr. Prospere that Abdulqader was not a target or subject, it would have been the truth.  Abdulqader was not a target or subject of the criminal investigation at the time of the April 2002 interview.  To the contrary, Agent Burns testified clearly that the government was looking at Abdulqader as a potential witness. *See* Transcript, June 26, 2007 at 120-21 ("There were a number of other people that knew

exactly what was going on and knowingly and intentionally participated in that activity. As with every other criminal investigation conducted by the government, you always want a witness. You want a witness who can stand up and talk to the jury and explain to them what they as coconspirators were doing. *** When they took the seat in the grand jury and lied to the grand jury repeatedly, their value as a witness was completely eliminated."). Agent Burns reiterated her testimony in this exchange with Ms. Cadeddu:

> BY MS. CADEDDU: And I think you stated in your earlier testimony
> that you had identified Mr. Abdulqader as a coconspirator
> prior to him giving grand jury testimony. Is that
> correct?
>
> AGENT BURNS: What I stated was that we knew of a number of
> individuals who were knowingly and intentionally providing
> support to HAMAS and conspiring with Holy Land Foundation
> to do that, and yes, we believed Mr. Abdulqader was one of
> those individuals.
>
> Q: Before the grand jury testimony?
>
> A: We knew he had knowledge about the support for
> HAMAS. That's why we thought he would be a good witness.

Transcript, July 14, 2007 at 28.

That someone is under investigation, or that agents believe certain individuals are culpable, does not make those individuals targets or subjects. Assistant United States Attorney Nathan Garrett explained this very point to the Court at the conclusion of the Kastigar hearing:

> [W]hen the government looks at this case or any other case, we look to

those people who are within the arena. Prior to making target decisions, we look at who's able or in a position to know, who's in a position to be ultimately indicted or asked questions of and occasionally the government in this case and other cases makes decisions about whether it wants to approach someone as a witness or to make an effort or overture to make someone a witness as opposed to something else. That's the government's prerogative and discretion. In this case we looked at that arena and made a decision that we wanted to provide the opportunity to the now defendants Odeh and Abdulqader. Clearly, we wouldn't have put them in there or immunized them if we didn't think they were in a position to have information helpful to the government. It is true that both of these individuals were under investigation. It's also true, as the agent testified, that as this investigation was ongoing the government was receiving many, many translations a day. So the decision of who was going to be a target in this case simply had not been made.

*Id*. at 48-49.[1]

Tellingly, Abdulqader in his motion points to no evidence adduced during the Kastigar hearing or elsewhere to establish that he was in fact a target or a subject at the time of his interview. Instead, he cites only to Agent Burns' testimony that Abdulqader was under investigation and that she believed he was within the conspiracy. Motion at p.3. As even Judge Fish correctly recognized, however, believing that Abdulqader was culpable does not equate to being a target -- "they still hoped to get him to testify for the government, as I understood it." *Id*. at 67.[2]

---

[1] Mr. Garrett's proffer confirmed that Abdulqader was not targeted until after his grand jury testimony in August 2003. The interview at Mr. Prospere's office predated that testimony by over a year.

[2] At the conclusion of the Kastigar hearing, counsel for Abdulqader raised the very argument urged in this motion, citing *Tweel* in connection with the April 2002 interview. Transcript, July 14, 2007 at 64-67. In response to the court's suggestion that the motion may be untimely, Ms. Cadeddu explained that it was only "today" that she learned Abdulqader was a target prior to the 2002 interview. At that point the court noted, "I don't think that they conceded that even today." *Id*. at 67. Ms. Cadeddu promised to raise the matter in a separate motion, which she did

Finally, unlike the circumstances in *Tweel*, where IRS agents deliberately allowed the taxpayer to believe they were present for a routine civil audit when in fact it was driven by criminal interests, here there could be no such confusion. Just months prior to Abdulqader's interview, the Treasury Department designated Holy Land Foundation a Specially Designated Terrorist and froze its assets. Abdulqader was a public fundraiser for the Holy Land Foundation. While he was not a target of the criminal investigation at the time, there could be no doubt that the government's request to interview Abdulqader was in connection with the criminal investigation of the Holy Land Foundation. No "fraud, trickery, or deceit" was involved, nor has Abdulqader carried his burden to clearly establish otherwise. Accordingly, Abdulqader's request to either dismiss the superceding indictment, or to suppress the fruits of Abdulqader's April 2002 interview, should be denied.

---

not do prior to filing the instant motion. *Id*.

**GOVERNMENT'S OPPOSITION TO MUFID ABDULQADER'S MOTION TO DISMISS THE SUPERCEDING INDICTMENT - Page 6**

**CONCLUSION**

For all the foregoing reasons, defendant Abdulqader's motion to dismiss the superceding indictment should be denied.

June 13, 2008

                              Respectfully submitted,

                              RICHARD ROPER
                              United States Attorney
                              Northern District of Texas

                              By:  */s/ James T. Jacks*
                              JAMES T. JACKS
                              TX. State Bar No. 10449500
                              BARRY JONAS
                              New York Bar No. 23077
                              ELIZABETH J. SHAPIRO
                              D.C. Bar No. 418925
                              Assistant United States Attorneys
                              1100 Commerce St., Third Floor
                              Dallas, Texas 75242
                              214.659.8600
                              214.767.2898  (facsimile)
                              jim.jacks@usdoj.gov
                              barry.jonas@usdoj.gov
                              elizabeth.shapiro@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Linda Moreno
Law Office of Linda Moreno
P.O. Box 10985
Tampa, Fl.  33679

Joshua L Dratel
Aaron J. Mysliwiec
Law Office of Joshua L Dratel
2 Wall St, 3rd Floor
New York, NY 10005

Nancy Hollander
Theresa M. Duncan
Freedman Boyd Hollander Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

Marlo P Cadeddu
Law Office of Marlo P Cadeddu
3232 McKinney Ave, Suite 700
Dallas, TX 75204

John D. Cline
Jones Day
555 California St., 26th Fl.
San Francisco, CA.  94104-1500

Greg Westfall
Westfall Platt & Cutrer
Mallick Tower
One Summit Ave, Suite 910
Fort Worth, TX 76102

/s/ James T. Jacks
JAMES T. JACKS
Assistant United States Attorney

**GOVERNMENT'S OPPOSITION TO MUFID ABDULQADER'S MOTION TO DISMISS THE SUPERCEDING INDICTMENT - Page 8**